**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 13-20911 |
| | ) | |
| ONE SOURCE SUPPLY COMPANY, INC. | ) | Chapter 7 |
| and OS2 MANUFACTURING | ) | |
| CORPORATION, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtors. | ) | Hearing Date: May 19, 2015 at 10:00 a.m. |
| | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on May 19, 2015 at 10:00 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes in Courtroom 613, or whomever may be sitting in his place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Second and Final Fee Application of Freeborn & Peters LLP as Counsel to the Debtors* a copy of which is attached hereto and herewith served upon you.

Dated: April 27, 2015

**ONE SOURCE SUPPLY COMPANY, INC.
and OS2 MANUFACTURING
CORPORATION**

By:   /s/ Elizabeth L. Janczak
     One of Its Attorneys

Richard S. Lauter (No. 6182859)
Elizabeth L. Janczak (No. 6302864)
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 13-20911 |
| | ) | |
| ONE SOURCE SUPPLY COMPANY, INC. | ) | Chapter 7 |
| and OS2 MANUFACTURING | ) | |
| CORPORATION, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtors. | ) | Hearing Date:  May 19, 2015 at 10:00 a.m. |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Elizabeth L. Janczak, an attorney, hereby certify that on April 27, 2015, I caused a true and correct copy of the foregoing *Notice of Motion* and *Second and Final Fee Application of Freeborn & Peters LLP as Counsel to the Debtors* to be filed with the Court and served upon the following parties by the manners listed below.

                                                                /s/ Elizabeth L. Janczak

**Service List**

**CM/ECF Notice List**

| | |
|---|---|
| Thomas V. Askounis | taskounis@askounisdarcy.com |
| Elizabeth A. bates | ebates@springerbrown.com |
| Alex Darcy | adarcy@askounisdarcy.com |
| David E. Grochocinski | lawters@innovalaw.com |
| Matthew M. Hevrin | mhevrin@hinshawlaw.com |
| Amrit S. Kapai | akapai@askounisdarcy..com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Terry M. Long | tmlong@tmlong.com |
| Kathleen M. McGuire | kmcguire@innovalaw.com |
| James M. Philbrick | jmphilbrick@att.net |
| Stephen G. Wolfe | steve.g.wolfe@usdoj.gov |
| Charles R. Woolley | rwoolley@askounisdarcy.com |
| Barbara L. Yong | blyong@golanchristie.com |

Additional service to parties listed on the attached creditor mailing matrix.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 13-20911<br>Northern District of Illinois<br>Chicago<br>Mon Apr 27 12:03:54 CDT 2015 | BMO Harris Bank, N.A., f/k/a Harris N.A., as<br>HINSHAW & CULBERTSON LLP<br>Attn: Matthew M. Hevrin<br>100 Park Avenue<br>Rockford, IL 61101-1099 | Freeborn & Peters LLP<br>311 South Wacker Drive  Suite 3000<br>Chicago, IL 60606-6679 |
| One Source Supply Company, Inc.<br>2605 White Oak Circle<br>Unit C<br>Aurora, IL 60502-4811 | Toyota Motor Credit Corporation<br>c/o Law Offices of James M. Philbrick<br>P.O. Box 351<br>Mundelein, IL 60060-0351 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 |
| 31 Moons, LLC<br>P.O. Box 1004<br>Lockport, IL 60441-1904 | 3M<br>2807 Paysphere Circle<br>Chicago, IL 60674-0028 | 3M Company<br>Alan Brown, Special Counsel<br>to 3M, 3M Center, 220-9E-02<br>St. Paul, MN 55144-0001 |
| Abrasic 9 Inc<br>dba CGW Camel Grining Wheels<br>7525 N Oak Park Ave<br>Niles, IL 60714-3819 | Adhesive Systems<br>9405 Corsair Road<br>Frankfort, IL 60423-2544 | All State Staple<br>201 Scott Street<br>Elk Grove Village, IL 60007-1212 |
| All-States<br>602 North Street Street<br>Saint Charles, IL 60174 | Alpha Innovation<br>237 Washington Street<br>Marblehead, MA 01945-3334 | American Express<br>P.O. Box 360001<br>Fort Lauderdale, FL 33336-0001 |
| American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | American Express Travel Related Services<br>Company, Inc.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | American Express Travel Related Services Com<br>Inc<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 |
| AutoQuip<br>70 Airport Drive<br>Kimball, MI 48074-4404 | B.E. Atlas Co.<br>4300 North Kilpatrick Avenue<br>Chicago, IL 60641-1592 | BCI<br>P.O. Box 550<br>Batavia, IL 60510-0550 |
| BMO Harris Bank, N.A.<br>FKA Harris, NA Assignee of the Federal D<br>c/o Matthew M. Hevrin<br>Hinshaw & Culbertson LLP<br>100 Park Avenue<br>Rockford, IL 61101-1099 | BMO Harris as Assignee of FDIC<br>as Receiver for Amcore Bank N.A.<br>P.O. Box 4320<br>Carol Stream, IL 60197-4320 | BRP Mfg<br>637 North Jackson Street<br>Lima, OH 45801-4125 |
| Batavia Container, Inc<br>Euler Hermes North America Ins., Co.,<br>Agent of Batavia Container, Inc<br>800 Red Brook Blvd<br>Owings Mills, MD 21117-5173 | Blue Cross Blue Shield<br>25550 Network Place<br>Chicago, IL 60673-1255 | Bob's Salt & Feed Service<br>126 Wood Street<br>West Chicago, IL 60185-2805 |
| Bradford R. Carpenter<br>2393 South Shore Boulevard<br>White Bear Lake, MN 55110-3821 | Brady Worldwide<br>P.O. Box 71995<br>Chicago, IL 60694-1995 | C. Randall Woolley, Esq.<br>Askounis & Darcy, PC<br>444 North Michigan Avenue<br>Suite 3270<br>Chicago, IL 60611-3906 |

| | | |
|---|---|---|
| Camel Grinding Wheels USA<br>7525 North Oak Park Avenue<br>Niles, IL 60714-3819 | Caplugs<br>P.O. Box 104<br>Buffalo, NY 14240-0104 | Clark Foam Products<br>655 Remington Boulevard<br>Bolingbrook, IL 60440-4822 |
| Copper and Brass Sales<br>P.O. Box 77040<br>Detroit, MI 48277-7040 | Cortec Corp.<br>CM 9738 P.O. Box 70870<br>Saint Paul, MN 55170-9738 | Cyclone Manufacturing<br>P.O. Box 815<br>56850 Woodhouse Street<br>Dowagiac, MI 49047-7735 |
| DP Systems LLC<br>P.O. Box 828<br>Addison, IL 60101-0828 | Department of Treasury   Internal Revenue Ser<br>P O Box 7346<br>Philadelphia, PA  19101-7346 | Discover Financial Services<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103 |
| Dynabrade<br>8989 Sheridan Drive<br>Clarence, NY 14031-1490 | Eclectic Products<br>Drawer CS 198564<br>Atlanta, GA 30384-8564 | Erie Insurance Group<br>100 Erie Insurance Place<br>Erie, PA 16530-0001 |
| FPC Corp.<br>355 Hollow Hill Drive<br>Wauconda, IL 60084-9794 | Field Tool Supply<br>2358 North Seeley Avenue<br>Chicago, IL 60647-3327 | Financial Pacific Leasing, Inc.<br>c/o Amrit S. Kapai<br>Askounis & Darcy, PC<br>444 N. Michigan Ave., Ste. 3270<br>Chicago, IL 60611-3906 |
| Financial Pacific Leasing, Inc.<br>c/o C. Randall Woolley<br>Askounis & Darcy, PC<br>444 N. Michigan Ave., Ste. 3270<br>Chicago, IL 60611-3906 | Financial Pacific Leasing, Inc.<br>c/o D. Alexander Darcy<br>Askounis & Darcy, PC<br>444 N. Michigan Ave., Ste. 3270<br>Chicago, IL 60611-3906 | Financial Pacific Leasing, Inc.<br>c/o Thomas V. Askounis<br>Askounis & Darcy, PC<br>444 N. Michigan Ave., Ste. 3270<br>Chicago, IL 60611-3906 |
| GW Fastener Products USA Corp.<br>c/o OEC<br>13100 Alondra Blvd., Suite 100<br>Cerritos, CA 90703-2262 | Global Fastner Engineering Inc.<br>355 Hollow Hill Drive<br>Wauconda, IL 60084-9794 | Groot Industries, Inc.<br>P.O. Box 309<br>Elk Grove Village, IL 60009-0309 |
| Guardian<br>P.O. Box 95101<br>Chicago, IL 60694-5101 | H E Baumrucker<br>1460 Industrial Road<br>Attn: A/R<br>Itasca, IL 60143-1848 | H E Baumrucker Co<br>1460 Industrial Dr<br>Itasca, IL 60143-1848 |
| HBD<br>P.O. Drawer 20307<br>Greensboro, NC 27420-0307 | HLB Tautges Redpath, Ltd.<br>5810 White Bear Parkway<br>White Bear Lake, MN 55110 | Horizon Distributors<br>1890 Chrysler Drive<br>Belvidere, IL 61008-6027 |
| House of Cans<br>7060 North Lawndale Avenue<br>Lincolnwood, IL 60712-2610 | IMS Partners<br>2730 Greenleaf Ave<br>Elk Grove Village, IL 60007-5514 | Industrial Rivet 7 Fastener<br>200 Paris Avenue<br>Northvale, NJ 07647-2205 |

JK Consulting
P.O. Box 835
Lockport, IL 60441-0835

L W Meyer Inc.
P.O. Box 557
Waukesha, WI 53187-0557

Lexus Financial Services
P.O. Box 4102
Carol Stream, IL 60197-4102

MSC Industrial Supply Co
Attn: Legal Dept
75 Maxess Rd
Melville, NY 11747-3151

MSC Industrial Supply Co.
P.O. Box 382070
Pittsburgh, PA 15250-8070

Manufacturers Warehouse
Supply, Ltd
3 North Hickory Avenue
Arlington Heights, IL 60004-6204

McCracken & Frank LLP
311 South Wacker Drive
Suite 2500
Chicago, IL 60606-6674

McMaster-Carr
P.O. Box 7690
Chicago, IL 60680-7690

Minnesota Glove
c/o Western Bank
P.O. Box 64698
Saint Paul, MN 55164-0698

Morse Cutting Tools
P.O. Box 670645
Detroit, MI 48267-0645

National Oak Distributors
P.O. Box 24631
West Palm Beach, FL 33416-4631

National Towelette Company
1726 Woodhaven Drive
Bensalem, PA 19020-7108

Nicor
P.O. Box 0632
Aurora, IL 60507-0632

OS2 Manufacturing Company
2605 White Oak Circle
Unit C
Aurora, IL 60502-4811

Office of the US Trustee
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

PNC Bank
P.O. Box 856177
Louisville, KY 40285-6177

Prime Time Delivery
229 Dover Court
Sugar Grove, IL 60554-5412

QBE Insurance Corporation
P.O. Box 5438
New York, NY 10087-5438

Reiff & Nestor
P.O. Box 147
Lykens, PA 17048-0147

Republic Drill
P.O. Box 1606
Melrose Park, IL 60161-1606

Richmark Medical Supply
P.O. Box 955588
Saint Louis, MO 63195-5588

Royal Adhesives and
Sealants, LLC
P.O. Box 711886
Cincinnati, OH 45271-1886

Saint-Gobain Abrasives
1 New Bond St.
Worcester, MA 01606-2614

Saint-Gobain Abrasives
25079 Network Place
Chicago, IL 60673-1250

Schild Manufacturing
1150 Holstein Drive NE
Pine City, MN 55063-1464

Shercon
P.O. Box 709
Cypress, CA 90630-0709

SmithAmundsen
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601-6004

Storopack
Department C
Location 00207
Cincinnati, OH 45264-0207

Storopack, Inc, Euler Hermes
North America Insurance Co.,
Agent of Storopack, Inc
800 Red Brook Blvd
Owings Mills, MD 21117-5173

TapeCase Ltd.
420 Northgate Parkway
Wheeling, IL 60090-2647

Toyota Lease Trust
PO Box 8026
Cedar Rapids, Iowa    52408-8026

Trent Manufacturing
6212 Carnegie Avenue
Cleveland, OH 44103-4614

U.S. Bank NA dba U.S. Bank Equipment Finance
1310 Madrid St
Marshall MN 56258-4099

UPS
P.O. Box 7247-0244
Philadelphia, PA 19170-0001

UPS Freight
28013 Network Place
Chicago, IL 60673-1280

Uline
Attn: Accounts Receivable
2200 South Lakeside Drive
Waukegan, IL 60085-8311

United Parcel Service (Freight)
c/o Receivable Management Services (&quo
P.O. Box 4396
Timonium, MD 21094-4396

United States Plastic

VCI 2000
1923 Paysphere Circle
Chicago, IL 60674-1923

Warrenville Ace Hardware
2 South 541 Route 50
Warrenville, IL 60555

West Coast Life Insurace Company
P.O. Box 2224
Birmingham, AL 35246-0030

Wipeco Inc
250 North Mannheim Road
Unit B
Hillside, IL 60162-1835

Wolf Creek Business Association
c/o REM Management
1031 East Woodfield Road
Schaumburg, IL 60173-4706

York Corrugated Cont.
120 West Lake Drive
Glendale Heights, IL 60139-4818

York Corrugated Container
c/o Barbara L Yong, Golan
& Christie, LLP
70 W Madison St., Suite 1500
Chicago, IL 60602-4265

David R Brown ESQ
Springer Brown, LLC
400 South County Farm Road
Suite 330
Wheaton, IL 60187-4547

Elizabeth L Janczak
Freeborn & Peters LLP
311 S. Wacker Drive Suite 3000
Chicago, IL 60606-6679

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Richard S Lauter
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606-6679

Thomas R. Fawkes
Goldstein & McClintock LLLP
208 S LaSalle Street
Suite 1750
Chicago, IL 60604-1170

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)3 Square Global, LLC

(u)Financial Pacific Leasing, Inc

(u)VW Credit, Inc.

(u)York Corrugated Container Company

(u)ADS Solutions Corporation

(u)AT&T Long Distance

| | | |
|---|---|---|
| (u)Com Ed | (u)Elk Grove Industrial | (u)Erikson Electrical Construction Co. |
| (u)Falcon Leasing | (u)Federal Express | (u)Freeborn & Peters LLP |
| (u)Hinckley Springs | (d)IMS- Partners<br>2730 Greenleaf Avenue<br>Elk Grove Village, IL 60007-5514 | (u)Martech Services |
| (u)Masterman's, LLP | (d)Office of the US Trustee<br>219 S Dearborn St  Room 873<br>Chicago, IL 60604-2027 | (u)PAETEC |
| (u)Sellars Wipers & Sorbents | (u)Total Fire & Safety, Inc. | (u)Travelers |
| (u)US Trustee | (u)West Chester Holdings, Inc. | End of Label Matrix<br>Mailable recipients   109<br>Bypassed recipients    23<br>Total                 132 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 13-20911 |
| | ) | |
| ONE SOURCE SUPPLY COMPANY, INC. | ) | Chapter 7 |
| and OS2 MANUFACTURING | ) | |
| CORPORATION, | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtors. | ) | Hearing Date: May 19, 2015 at 10:00 a.m. |
| | ) | |

**SECOND AND FINAL FEE APPLICATION OF
FREEBORN & PETERS LLP AS COUNSEL TO THE DEBTORS**

Freeborn & Peters LLP ("*F&P*"), counsel to One Source Supply Company and OS2 Manufacturing Corporation (the "*Debtors*"), debtors in the above-captioned cases, by and through its attorneys, hereby submits the *Second and Final Fee Application of Freeborn & Peters LLP as Counsel to the Debtors* (the "*Final Fee Application*"), which seeks approval and payment of $70,162.12 for services rendered and $3,957.85 for reimbursement of expenses incurred for the period of May 17, 2013 through February 28, 2014, and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016

of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

### I. General Case Background

3. On May 17, 2013 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (collectively, the "*Cases*"). On May 29, 2013, the Court ordered the joint administration of the cases.

4. No official committee of unsecured creditors has been appointed.

5. On June 11, 2013, the Court entered an order approving F&P's employment effective as of May 17, 2013.

6. On November 26, 2014, the Court entered the *Order Granting First Interim Fee Application of Freeborn & Peters LLP as Counsel to the Debtors*, approving on an interim basis compensation in the amount of $54,772.37 and reimbursement of expenses in the amount of $3,370.68.

7. On February 28, 2014, upon the motion of the Debtors, the Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code.

8. On February 28, 2014, David E. Grochocinski was appointed chapter 7 trustee of the Debtors' estates.

9. On March 14, 2014, David E. Grochocinski resigned as chapter 7 trustee and David R. Brown was appointed chapter 7 trustee of the Debtors' estates.

2

**RELIEF REQUESTED**

10. F&P rendered services on behalf of the Debtors from May 17, 2013 through February 28, 2014 (the "*Fee Application Period*"), for which F&P seeks final approval of compensation in the amount of $70,162.12 for services rendered and reimbursement of expenses in the amount of $3,957.85 for a total of $74,119.97.

11. By this Final Fee Application, F&P Seeks an order (1) allowing, on a final basis, $70,162.12 in compensation and $3,957.85 in reimbursable expenses for the Fee Application Period as administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code; and (2) authorizing payment to F&P of all amounts requested herein, to the extent unpaid.

**DISCUSSION**

12. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

13. The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

3

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

14. In reviewing the Final Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

15. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

4

16. In evaluating the Final Fee Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

17. F&P agreed to charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its standard hourly rates in effect on the date that such services were rendered, minus a fifteen (15%) discount. F&P's billing rates for attorneys working on these cases ranged from $225.25 to $531.25 per hour. Time devoted by paralegal professionals were billed at $182.75 per hour. Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Debtors in the most economical, efficient, and practical manner possible.

**SERVICES PERFORMED FOR PERIOD OCTOBER 1, 2013 TO FEBRUARY 28, 2014**

18. The total amount of compensation sought for the period of October 1, 2013 to February 28, 2014 (the "*Interim Fee Application Period*"), which was not included in the First Interim Fee Application, is $15,389.75 in fees and $587.17 in expenses for a total of $15,976.92. A summary of the amount of time spent by each professional and para-professional during the Interim Fee Application Period is set forth below:

5

| Timekeeper | Title | Year of Illinois Bar Admission | 2013/2014 Hourly Rate | 2013 Hours | 2014 Hours | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|---|---|
| Fawkes, Thomas R. | Partner | 2002 | $454.75/$476 | 13.1 | 4.2 | 17.3 | $7,956.46 |
| Hazdra, Jacqueline E. | Paralegal | N/A | $182.75/$191.25 | 4.6 | 2.8 | 9.7 | $1,924.84 |
| Janczak, Elizabeth L. | Associate | 2010 | $225.25/$276.25 | 19.9 | 5.7 | 23.3 | $5,508.45 |
| | TOTALS: | | | 37.6 | 12.7 | 50.3 | $15,389.75 |
| | | | | | | BLENDED RATE: | $305.96 |

19. No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with these Cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

20. F&P reserves the right to correct, amend, or supplement this Final Fee Application, including, without limitation, to seek payment in the event this Final Fee Application is not approved in full.

21. The following is a summary of the work performed by F&P and the time spent during the Interim Fee Application Period.

**A. General** $5,179.49

22. F&P spent 19.3 hours at a cost of $5,179.49 on general matters. This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties-in-interest concerning general case matters, and performing other necessary tasks typically associated with a debtor representation (including performing court filings, maintaining and updating dockets, calendars, and retrieving necessary documents). Time spent in this category also includes preparing and appearing on the motion to convert these cases to cases under

6

chapter 7.  This category also includes matters which encompass more than one discrete category.

23.    F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit A*.

**B.    Creditor Inquires and Negotiations                              $142.80**

24.    F&P spent 0.3 hours at a cost of $142.80 on creditor inquiries and negotiations. Time billed in this category includes addressing concerns of a creditor regarding a lease. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit B*.

**C.    Secured Creditor Issues                                          $2,139.89**

25.    F&P spent 6.5 hours at a cost of $2,139.89 on secured creditor issues. This category primarily consists of time relating to the negotiations with the Debtors' secured lender and continued use of cash collateral and post-petition financing, including discussions regarding the budgets and the terms of interim court orders entered with respect thereto. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit C*.

**D.    F&P Retention and Fee Applications                              $730.58**

26.    F&P spent 2.7 hours at a cost of $730.58 on F&P retention and fee application matters. This category includes time spent preparing F&P's retention application and reviewing exhibits to the First Interim Fee Application and reviewing exhibits in preparation of this Final Fee Application. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit D.*

**E.    Plan and Disclosure Statement                                    $927.79**

27.    F&P spent 3.5 hours at a cost of $927.79 on plan and disclosure statement issues. This category includes time spent discussing strategy and feasibility of a plan of reorganization or liquidation and drafting and appearing on motions to extend the deadline to file the plan and

disclosure statement. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit E*.

**F.** **Executory Contracts and Unexpired Leases**            $2,059.56

28. F&P spent 6.8 hours at a cost of $2,059.56 on executory contracts and unexpired leases. This category primarily consists of time spent regarding negotiations with the Debtors' landlord, addressing issues with respect to the Debtors' auto lease, moving to extend the deadline to assume or reject the non-residential real property lease, and seeking approval of a new non-residential lease on behalf of the Debtors. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit F*.

**G.** **Asset Sales**            $3,859.00

29. F&P spent 10 hours at a cost of $3,859.00 on issues concerning asset sales. This category primarily consists of discussions with BMO Harris Bank, the Debtors' secured lender, regarding an offer for a sale and liquidation of the Debtors' assets. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit G*.

**H.** **Schedules and Reports**            $207.84

30. F&P spent 0.9 hours at a cost of $207.84 on schedules and reports. This category primarily consists of time spent reviewing and filing the Debtors' monthly operating reports. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit H*.

**I.** **Claims Analysis**            $142.80

31. F&P spent 0.3 hours at a cost of $142.80 on claims analysis issues. This category primarily consists of time spent addressing creditor claims and potential avoidance actions issues. F&P's detailed time records for this category are attached hereto and incorporated herein as *Exhibit I*.

## REASONABLE EXPENSES INCURRED DURING THE INTERIM FEE APPLICATION PERIOD

32. Detailed itemizations of all expenses incurred during the Interim Fee Application Period are incorporated in the detailed itemization of expenses attached hereto and incorporated herein as *Exhibit J*. Expenses during the Interim Fee Application Period were incurred in the following category:

(a) Filing Fees: F&P incurred expenses in the amount of $15.00 representing Chapter 11 filing fees associated with these bankruptcy cases.

(b) Photocopying: F&P incurred copying and printing charges in the amount of $372.00. F&P charges clients $0.10 per copy and maintains a record of in-house copies made through a computerized system. This procedure requires an operator to key in a client's code number on a keypad attached to the copier. For large projects, F&P uses outside copy services for purposes of efficiency and charges amounts actually incurred. No such outside copying service was used in this case.

(c) Postage: F&P incurred expenses in the amount of $177.42 in connection with postage charges for required U.S. Mail service upon the Debtors' creditors.

(d) Teleconferencing Expenses: F&P incurred expenses in the amount of $22.75 for teleconferencing fees. F&P conferences with the Debtors by telephone, rather than in person, due to the geographic location of the Debtors and the high cost and inconvenience associated with in-person meetings. F&P uses an outside teleconferencing provider in order to efficiently conduct teleconferences.

33. All expenses incurred by F&P in connection with its representation of the Debtors were ordinary and necessary expenses. All expenses billed to the Debtors were billed in the same manner as F&P bills non-bankruptcy clients.

34. F&P does not bill its clients or seek compensation in this Final Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions. Such expenses are factored into F&P's hourly rates. F&P has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## REQUEST FOR FINAL APPROVAL OF FEES AND EXPENSES PREVIOUSLY APPROVED ON AN INTERIM BASIS AND BENEFIT TO THE ESTATES

35. F&P also seeks final approval of the fees and expenses previously approved on an interim basis, totaling $54,772.37 and $3,370.68, respectively. F&P hereby incorporates by reference the detailed statements of fees and expenses that were attached to its First Interim Fee Application.

36. F&P remained active on all matters in its representation of the Debtors during the cases. F&P submits that the services set forth herein benefited the estates and creditors by ensuring that the Debtors' assets were properly preserved and administered, and that the value of the estates were maximized for the benefit of all their creditors.

**WHEREFORE**, F&P respectfully requests that the Court enter an order:

(a) allowing F&P, on a final basis, $70,162.12 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing F&P, on a final basis, $3,957.85 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

     (c)     authorizing payment to F&P of $54,119.97, representing all amounts requested herein to the extent not previously paid; and

     (d)     granting such other and further relief as the Court deems just and proper.

Dated: April 27, 2015

**ONE SOURCE SUPPLY COMPANY, INC. and OS2 MANUFACTURING CORPORATION**

By:   /s/ Elizabeth L. Janczak
     One of Its Attorneys

Richard S. Lauter (No. 6182859)
Elizabeth L. Janczak (No. 6302864)
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520

11